United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-11008
_____

In The Matter Of: COLLEGE CONNECTION INC.,

Debtor.

_____

DANIEL J. SHERMAN, Chapter 7 Trustee,

Appellant,

versus

THE SOUTHLAND CORPORATION, now known as 7-Eleven Inc.,

Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
No. 3:02-CV-220-R

_____

Before EMILIO M. GARZA and DeMOSS, Circuit Judges, and DUVAL[*], District Judge.

_____

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

PER CURIAM:[**]

Daniel J. Sherman, the Chapter 7 trustee for the bankruptcy estate of debtor College Connection, Inc. ("the Trustee"), appeals the district court's affirmance of the bankruptcy court's take-nothing final judgment with respect to the Trustee's claims against the Southland Corporation, now known as 7-Eleven, Inc. ("7-Eleven"). The Trustee contends that the bankruptcy court erred in concluding that the agreement between the debtor and 7-Eleven was not a viable executory contract for purposes of 11 U.S.C. § 365 at the time of the debtor's bankruptcy filing because, *inter alia*, debtor's sale of proprietary baked goods to 7-Eleven's competitors was a material breach of that agreement. The Trustee also argues that the bankruptcy court erred in concluding that the estate was not entitled to recover from 7-Eleven on any theory asserted. Lastly, the Trustee contends that the bankruptcy court abused its discretion in admitting certain documents and expert testimony into evidence and refusing to order compliance with particular subpoenas.

We have read the briefs, heard the arguments of counsel, and consulted the pertinent portions of the record. On the basis of the applicable law and the record, we affirm essentially for the reasons given by the district court.

AFFIRMED.

---

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-2-